IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ DE JESUS ARROYO; LINDA RODRIGUEZ<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT P.R. MANAGEMENT CORPORATION A/K/A MARRIOTT; A INSURANCE COMPANY<br><br>Defendants. | CIVIL NO.<br><br>AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), DISCRIMINATION, PR LAW 80, and PR LAW 100<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

TO THE HONORABLE COURT:

Plaintiffs, through their undersigned attorney, respectfully state, allege, and request as follows in this Complaint:

### I.    JURISDICTION AND VENUE

1.    The jurisdiction of this Court is original and invoked under 28 U.S.C. §§ 1331 and 1343. The action is authorized and instituted pursuant to The Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"), the American with Disabilities Act, 42 U.S.C. § 12101 ("ADA").

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events, acts, and/or omissions that give rise to plaintiff's right to compensation occurred in the Commonwealth of Puerto Rico.

1

3. In addition, this Court has supplemental jurisdiction over Puerto Rico state law claims under 28 U.S.C. sec. 1367 (a) for claims under Law 100 of June 30, 1959, P.R. Laws Ann. tit 29. § 146, et seq. (hereon "Law 100"), and under Law 80 of May 30, 1976, P.R. Law Ann. tit. 29, §§ 185a-185m (hereon "Law 80").

4. Luz De Jesus Arroyo filed a timely charge with the Equal Employment Opportunity Commission and on March 19, 2021, the EEOC issued its notice of right to sue, which is postmarked March 22, 2021, the day it was received by Plaintiff De Jesus Arroyo. Plaintiff Arroyo has the envelope in her possession.

5. Linda Rodriguez filed a timely charge with the Equal Employment Opportunity Commission and, on June 1, 2021, the EEOC issued its notice of right to sue.

6. Both Plaintiffs demand a trial by jury on all claims.

## II.    PARTIES

7. Plaintiff Luz De Jesus Arroyo is a resident of Cond. Los Almendros Plaza II, 703 Calle Eider, Apt. 106, San Juan, PR 00924. Her postal address is the same. Up until being illegally fired because of her age and to avoid complying with Puerto Rico law, she worked for Defendant Marriott at its hotel in Ashford Avenue, Condado, Puerto Rico.

8. Plaintiff Linda Rodriguez is a resident of M-42 Calle Formosa, Urb. Santa Juanita, Bayamon, PR 00956. Her postal address is the same. Up until being illegally fired because of her age and to avoid complying with Puerto Rico law, she worked for Defendant Marriott at its hotel in Ashford Avenue, Condado, Puerto Rico.

9. Defendant Marriott P.R. Management Corporation is a corporation with a domicile in Delaware, USA with a designated office in Puerto Rico 1039 Ashford Ave., San Juan, P.R. 00907, with that same postal address. The resident agent of Marriott is CT Corporation System, with the following physical direction 361 San Francisco St. 4th Floor, San Juan, P.R. 00901.

10. Marriott operates the San Juan Marriott Resort in Condado, Puerto Rico ( "Marriott"), where both Plaintiff's worked in the laundry. Marriott's business is to operate a hotel, which at all relevant times included a laundry and it continues to operate the laundry as of the filing of this complaint without interruption.

11. At all times relevant hereto, Defendant Marriott was acting through his agents, subsidiaries, officers, employees, and assigns acting within the full scope of their agency, office, employment, or assignment, including Rosanna Olazagasti and supervisor Jose Gonzalez.

12. Co-Defendant A Insurance Company (hereon as such) is the insurance company which, at the times of the facts alleged herein, had issued and maintained in full force and effect an insurance policy on behalf of Defendant Marriott, which provides defense and coverage for the facts alleged herein and who may be jointly and severally liable to the plaintiff. A Insurance Company is, upon information and belief, organized and should exist under the laws of the Commonwealth of Puerto Rico, and is authorized by the Insurance Commissioner of Puerto Rico to issue insurance policies, and at the time of the facts alleged herein the Unknown Insurance Company issued and maintained an insurance policy on behalf of Century Titan, thus the Unknown Insurance Company is severally liable with its insured for the claims sustained in this Complaint.

### III.  FACTS

13. Plaintiff Ms. Luz De Jesus Arroyo was born on 1966, Puerto Rico. Plaintiff De Jesus Arroyo is 72 years old.

14. Plaintiff De Jesus Arroyo started working at the San Juan Marriott Hotel in March 1995. She worked as a service waitress for room service for about 3 1/2 years (3 1/2), as an assistant for the mini bar for about 2 years and then in the public areas of the hotel for about one (1) year and then moved into the laundry as a laundry assistant for eighteen and a half years (18 1/2) years.

15. Plaintiff De Jesus Arroyo worked at Marriott for a total of twenty-five (25) years and there was never a single complaint against her. She was a model employee.

16. Plaintiff De Jesus Arroyo noticed that Marriott began to use more frequently the services of a corporation KCS, which sent younger women or men to replace the regular employees of Marriott.

17. Plaintiff De Jesus Arroyo received a letter from Marriott informing her that her position in the laundry would be eliminated and that it would be terminated as of August 7, 2020. Except that the duties and responsibilities of her position were never eliminated or finished; they were simply filled out by KCS employees, who were younger than her.

18. Plaintiff Rodriguez started working at Marriott 25 years ago and there was never a single complaint about her work or person.

19. Plaintiff Rodriguez received a letter from Marriott informing her that her position in the laundry would be eliminated and that it would be terminated as of August 7, 2020. Except that the duties and responsibilities of her position were never eliminated or finished; they were simply filled out by KCS employees, who were younger than her.

20. Using the COVID 19 Pandemic as a pretext, Marriott discharged Plaintiffs De Jesus and Plaintiff Rodriguez from their employment in the laundry

to discriminate against them because of their age.  The hotel's laundry never closed nor were its functions changed; Marriott simply illegally fired the Plaintiff to discriminate against the because of their age and to avoid complying with Puerto Rico law, including Law 80.

21. At all relevant times, the supervisors of Plaintiffs and other executives, acting within the scope of their employment with Marriott.

22. At all relevant times, Plaintiffs' supervisors and the manager of human resources were fully aware of Plaintiffs' age.

23. Plaintiffs were a hardworking, loyal, and respectful employees. Plaintiffs were devoted to their work and enjoyed their job. .

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION: <u>AGE DISCRIMINATION</u>

24. Plaintiffs De Jesus and Rodriguez incorporate each and every allegation at paragraphs 1 through 24 as if set forth in full herein.

25. As described above, the Defendant Marriott's conduct as alleged above constitutes discrimination based on age discrimination in violation of ADEA.

26. As a direct and proximate cause of Plaintiffs  De Jesus' and Rodriguez's age, they were terminated by Marriott in violation of federal and Puerto Rico law as of August 7, 2020.

27. Defendant Marriott knew that its conduct was prohibited by the ADEA or showed a "reckless disregard" for whether the act applied. Therefore, its acts of age discrimination against both Plaintiffs as alleged were willful as defined by ADEA.

28. The discrimination, retaliation and disparate treatment described above cause both Plaintiffs to suffer emotional harm, damages, pain and suffering, embarrassment, humiliation, mental anguish, inconvenience, anxiety, and loss of enjoyment of life as well as loss of earnings.

29. As explained above, Plaintiff De Jesus has suffered damages which are estimated in an amount not less than SEVEN HUDRED AND FIFTY THOUSAND DOLLARS ($750,000.00), in addition to the back pay.

30. As explained above, Plaintiff Rodriguez has suffered damages which are estimated in an amount not less than SEVEN HUDRED AND FIFTY THOUSAND DOLLARS ($750,000.00), in addition to the back pay.

### SECOND CAUSE OF ACTION: VIOLATION OF PUERTO RICO LAW 100

31. Plaintiffs incorporate each and every allegation of paragraphs 1 through 31 herein.

32. As set forth above, both Plaintiffs demand compensation also under Law 100 of June 30, 1959, P.R. Laws Ann. tit 29. § 146, et seq. (hereon "Law 100")

33. Law 100 prohibits discrimination on the basis of age.

34. Marriott violated Law 100 when it discharged Plaintiffs De Jesus and Rodriguez from their employment in the laundry of the Hotel based on discrimination on the basis of their age, disability.

35. Law 100 provides that an employee such as Plaintiffs De Jesus and Plaintiff Rodriguez who were discriminated are entitled to payment of all damages and the employer must pay twice the amount as penalty.

### THIRD CAUSE OF ACTION: VIOLATION OF PUERTO RICO LAW 80

36. Plaintiffs incorporates each and every allegation of paragraphs 1 through 36 herein.

37. As set forth above, both Plaintiffs demand compensation pursuant to Law 80 of May 30, 1976, P.R. Law Ann. tit. 29, §§ 185a-185m (hereon "Law 80"), which provides relief to employees terminated without good cause.

38. Marriott's actions as described above show that both Plaintiff were unjustly dismissed from their positions at with the Hotel.

39. The highest payment that Plaintiff De Jesus received was of $2020.80 per month. As per Law 80, Plaintiff De Jesus is entitled to $36,199.60. Plaintiff De Jesus also demands costs of litigation and attorneys' fees.

40.    The highest payment that Plaintiff Rodriguez received was of $2020.80 per month.  As per Law 80, Plaintiff Rodriguez is entitled to $36,199.60. Plaintiff Rodriguez also demands costs of litigation and attorneys' fees.

## VII.    TRIAL BY JURY DEMANDED

41.    Plaintiffs demand trial by jury.

**WHEREFORE**, Plaintiffs demands judgment against Defendant in the amount of no less than three million ($3,000,000.00) a reasonable amount for attorney's fees, and any further relief that this Court may deem just and proper under the law, pursuant to but not limited to 29 U.S.C. §216(b) as incorporated into the ADEA by 29 U.S.C. §626(b); plus an order awarding plaintiff all costs incurred in this case pursuant to but not limited to Fed. R. Civ. P. 54(d), and to 28 U.S.C. §§1920 and 1924.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of June of 2021.

**F/Carlos Sánchez**
CARLOS M. SÁNCHEZ LA COSTA

USDC# 209410
P.O. Box 9023027
San Juan, Puerto Rico 00902
Teléfono: (787) 729-4646
csanchez@sanchezlawpr.com